UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
SBO PICTURES, INC.

    Plaintiff,

    v.

DOES 1-20,

    Defendants.

------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

12 Civ. 3925 (SAS)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/12
```

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

    SBO Pictures, Inc. ("SBO") has filed this lawsuit against twenty unnamed individuals, alleging that they have all used the peer-to-peer file sharing protocol BitTorrent to download and share the copyrighted pornographic film Bad Teachers Uncovered. SBO does not know the names of defendants but does have the internet protocol ("IP") addresses from which the film was allegedly shared. SBO seeks leave to begin discovery, prior to the Rule 26(f) conference, by serving subpoenas on internet service providers ("ISPs") in order to obtain the identifying information of the people to whom the ISPs assigned those IP addresses.

    Recently, in *Digital Sin, Inc. v. John Does 1-245* – in which the plaintiff was also represented by SBO's counsel here – Judge Colleen McMahon

1

explained the problems with the attempt to join numerous defendants together in one lawsuit based on the allegation that they had unlawfully uploaded the same digital file using similar technology. Most importantly, in this Circuit, the allegation that defendants have merely committed the same violation in the same way does not satisfy the standard for permissive joinder because there are "no litigation economies to be gained from trying what are in essence [twenty] different cases together"[1] and there is no evidence that the Doe defendants conspired or coordinated their activities in any way. In addition, because of SBO's counsel's method of litigation, it is unclear that the Court has *in personam* jurisdiction over defendants or that this is the proper venue in which to sue defendants.[2] Finally, early discovery has been used repeatedly in cases such as this one to harass and

---

[1] *Digital Sin, Inc. v. John Does 1-245*, No. 11 Civ. 8170, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012).

[2] SBO says that "[b]y using geo-location technology, Plaintiff has attempted to ensure that the IP addresses are likely within the geographic location of the Court." Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference at 5. As Judge McMahon has explained, attempting to ensure likelihood of jurisdiction is insufficient. The geographic area of the Court "includes portions of the States of New Jersey and Connecticut – as well as areas of New York that are located in Brooklyn, Queens and on Long Island, all of which lie in the Eastern District of New York. The former fact gives rise to concerns about personal jurisdiction; the latter, to venue questions." *Digital Sin*, 2012 WL 1744838, at *5.

demand of defendants quick settlement payments, regardless of their liability.[3]  A heightened degree of supervision over early discovery is therefore appropriate.

For the reasons explained in detail by Judge McMahon, the Court *sua sponte* severs the claim against Doe 1 from the claims against Does 2-20 and dismisses the later without prejudice.  SBO may refile the claims against Does 2-20 as individual cases against individual defendants, in which case SBO's counsel is cautioned that he must comply with Local Civil Rule 1.6(a) and Rule 4(b) of the Local Rules for the Division of Business among District Judges of the Southern District of New York.  As to discovery regarding both Doe 1 and any other Doe defendants against whom claims are re-filed, I adopt the procedures of Judge McMahon and Magistrate Judge Brown:

> Because I have severed and dismissed the claims against the defendants, I hereby *sua sponte* quash any subpoena that may be outstanding to any internet service provider seeking information about the identity of any John Doe defendant other than John Doe 1. Plaintiff is directed to send a copy of this order within 24 hours of its issuance to any and every internet service provider who has been served with a subpoena for any information concerning any other John Doe defendant.
>
> Should plaintiff choose to re-file actions against any of the severed defendants (which actions must be referred to this Court under the rules of this court as related to a prior pending action seeking the

---

[3]  *See In re BitTorrent Adult Film Copyright Infringement Cases*, No. 11 Civ. 3995, 2012 WL 1570765 (E.D.N.Y. May 1, 2012), for an extended discussion of this problem.

same relief against the same party, *see* Rule 4(b) of the Local Rules for the Division of Business among District Judges of the Southern District of New York), any effort to take discovery prior to service must follow the sensible protocol adopted by Magistrate Judge Brown in *In re BitTorrent Adult Film Copyright Infringement Cases:*

1. Subpoenas may not issue seeking the telephone numbers or email addresses of the individuals who are assigned a particular IP address. Within seven days of service of each subpoena, the ISP shall reasonably attempt to identify the John Doe sued, and provide that John Doe (not plaintiff) with a copy of the subpoena and a copy of this order (which plaintiff must attach to the subpoena). If an ISP is unable to determine, to a reasonable degree of technical certainty, the identity of the user of a particular IP address, it shall notify plaintiff's counsel in writing, so that a record can be kept for review by the Court.

2. An ISP may move to quash or otherwise object to any subpoena within 21 days. Similarly, each potential defendant shall have 21 days from receipt of the subpoena from the ISP to move to quash or otherwise object to the subpoena.

3. Absent motions to quash, the ISPs shall produce the information sought to the Court, not to plaintiff, within 21 days after notifying each defendant as aforesaid. Such submission shall be ex parte and under seal. The information will be disclosed to plaintiff's counsel by the Court. No such disclosure shall include any email addresses or telephone numbers

4. Plaintiff may use the information disclosed, once it is received by plaintiff's counsel, only for the purpose of litigating the instant case. . . .[4]

---

[4] *Digital Sin*, 2012 WL 1744838, at *6-7.

## CONCLUSION

Defendants Does 2-20 are dismissed. SBO's motion for discovery is granted in part and denied in part. The Clerk of the Court is directed to close this motion [Docket No. 2].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       June 4, 2012
             New York, New York

## - Appearances -

**For Plaintiff:**

Mike Meier
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
(888) 407-6770