UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
SBO PICTURES, INC.

        Plaintiff,

        v.

DOES 1-20,

        Defendants.

------------------------------------------------------- X

**MEMORANDUM**
**OPINION AND ORDER**

12 Civ. 3925 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/12

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION

      SBO Pictures, Inc. ("SBO") filed this lawsuit against twenty unnamed individuals, alleging that they have all used the peer-to-peer file sharing protocol BitTorrent to download and share a copyrighted film. SBO does not know the names of defendants but does have the internet protocol ("IP") addresses from which the film was allegedly shared. SBO previously sought leave to begin discovery, prior to the Rule 26(f) conference, by serving subpoenas on internet service providers ("ISPs") in order to obtain the identifying information of the people to whom the ISPs assigned those IP addresses.

      On June 4, 2012, I granted leave for early discovery with respect to Doe 1 but *sua sponte* severed the claims against Does 2-20 with leave to refile

against each defendant individually.¹ SBO now moves for reconsideration of that decision.

## II. LEGAL STANDARD

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.² A motion for reconsideration is appropriate where "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."³ A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"⁴

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then

---

¹ *See* 6/4/12 Memorandum Opinion and Order ("Order"), Docket No. 5.

² *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

³ *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

⁴ *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

plugging the gaps of a lost motion with additional matters.'"[5] Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[6] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively, to reargue "those issues already considered when a party does not like the way the original motion was resolved."[7] A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[8] nor is it a substitute for appeal.[9]

## III. DISCUSSION

Because this Court severed Does 2-20 *sua sponte*, SBO's counsel did not previously have the opportunity to brief the question of joinder and, as such, need not be warned against making arguments that he could

---

[5] *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *SEC v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)).

[6] *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation omitted).

[7] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quotation omitted).

[8] *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[9] *See Grand Crossing, L.P.*, 2008 WL 4525400, at *3.

have made initially. Nevertheless, SBO points to no controlling law or facts that the Court overlooked, and therefore its motion for reconsideration fails.

That judges of this Court have reached conflicting conclusions on this and similar joinder questions may be good reason for direction from the Court of Appeals, but it is not sufficient reason for reconsideration. Plaintiff further argues that it has sued only John Does who are believed to be within the District and that this Court erred in stating that there may be personal jurisdiction or venue problems as to some defendants. Even if that were correct,[10] however, the Court's Order denying joinder was based primarily on the fact that "there are no litigation economies to be gained from trying what are in essence [twenty] different cases together and there is no evidence that the Doe defendants conspired or coordinated their activities in any way."[11]

Federal Rule of Civil Procedure 20 permits joinder of multiple

---

[10] Plaintiff submitted the Internet Protocol addresses of the twenty Doe defendants and, in its Memorandum in Support of Plaintiff's Rule 60(b) Motion ("Memorandum"), argues that it "has listed only John Does who are believed to be within the District of this Court . . . . The location of all John Does in this cases was checked with www.MaxMind.com, whose accuracy tested as 99.8% accurate on a country level, and 90% accurate on a state level. Plaintiff did in fact conduct a geolocation search before filing this lawsuit." *Id.* at 8. Plaintiff's assertion appears to be incorrect with respect to at least one of the defendants: as of 12:10 p.m. on June 14, 2012, that website locates the IP address for John Doe 4 (173.142.4.228) in northeast Maryland.

[11] Order at 2.

defendants if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences." Judges in this Court and across the country have reached different conclusions about whether or not the participants of a swarm, trading the same file, have engaged in the same series of transactions for the purpose of Rule 20.[12] The basic disagreement is about whether twenty individuals copying and sharing a particular file with some unknown subset of thousands of other people around the world can be said to be engaged in the same series of transactions even if no one of the twenty shared the file or communicated with any of the other nineteen. Dozens of district courts have reached conflicting conclusions.

Regardless, however, of whether the transactions satisfy the pre-requisites of Rule 20, "[a] determination on the question of joinder of parties lies within the discretion of the district court."[13] Joinder is *permissive* – a pragmatic

---

[12] *Compare, e.g., On the Cheap, LLC v. Does 1-5011*, No. 10 Civ. 4472, 2011 WL 4018258, at *1 (N.D. Cal. Sept. 6, 2011) (collecting cases and rejecting joinder) and *Digital Sin, Inc. v. John Does 1-245*, No. 11 Civ. 8170, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012) (rejecting joinder), *with Digital Sin, Inc. v. Does 1-176*, No. 12 Civ. 126, 2012 WL 263491 (S.D.N.Y. Jan. 30, 2012) (accepting joinder) and *Digital Sin, Inc. v. Does 1-27*, No. 12 Civ. 3873, 2012 WL 2036035, at *2 (S.D.N.Y. June 6, 2012) (accepting joinder but "remain[ing] open to reconsidering the issue of joinder at a later date").

[13] *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y 1999). *See* Fed. R. Civ. P. 20(b) and Fed. R. Civ. P. 42(b) (vesting in the district court the discretion to order separate trials or make such other orders as will prevent delay or

tool meant to help courts and parties conduct litigation in a way that is efficient, practical, and fair. "The well-established policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits."[14] Joinder should be used when it is convenient and enhances the efficiency of litigation but it need not be used when it is unhelpful.

Joinder would not be helpful here. There is no allegation in the Complaint that the Does shared the file with one another (as opposed to with other members of the same very large swarm) or that they communicated or conspired with each other about their transactions. As a practical matter, therefore, there are very few facts connecting these Does. Each Doe who denies the allegations is likely to assert entirely independent factual defenses. The disputed facts will not be the ones common to all cases (*i.e.*, that SBO owns a copyright and that an infringing file was shared in a BitTorrent swarm) but rather the ones that are unique to each case (*i.e.*, whether each individual Doe unlawfully shared the file). Joinder is permissive and at the discretion of the Court and because few or no disputed questions are common to multiple defendants, I find that it is inappropriate for this case.

---

prejudice).

[14] *Puricelli*, 185 F.R.D. at 142.

## IV. CONCLUSION

Plaintiff's motion for reconsideration is denied. The Clerk is directed to close the motion [Docket No. 6].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  June 18, 2012
        New York, New York

## - Appearances -

**For Plaintiff**:

Mike Meier
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
(888) 407-6770